# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| XL DIAMONDS, LLC, a New York Limited Liability Company, | Case No. 8:26-cv-00069-JWH-KES |
| Plaintiff, | **ORDER TO SHOW CAUSE REGARDING SUBJECT MATTER JURISDICTION** |
| v. | |
| WILLIAM WALKER aka BILL WALKER, an individual, and DOES 1-50, inclusive, | |
| Defendants. | |

Plaintiff XL Diamonds, LLC filed the instant case against Defendant William Walker in January 2026.[1] XL Diamonds asserts that the Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a).[2] The Court needs more information before it can determine whether XL Diamonds is correct.

As an initial matter in every case, the court must ensure that it possesses subject matter jurisdiction. District courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states[.]" 28 U.S.C. § 1332. The party invoking the court's jurisdiction bears "the burden of demonstrating that the court has subject matter jurisdiction to hear an action." *Nguyen v. Cache Creek Casino Resort*, 2021 WL 22434, at *2 (E.D. Cal. Jan. 4, 2021), *report and recommendation adopted*, 2021 WL 568212 (E.D. Cal. Feb. 16, 2021) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)).

A limited liability company "is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Similarly, a limited partnership "is a citizen of each State or foreign country of which any of its partners"—limited or general—"is a citizen." *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 569 (U.S., 2004).

Rule 7.1 of the Federal Rules of Civil Procedure requires that, for actions based upon diversity jurisdiction, each party or intervenor "***must***" file a disclosure statement naming and identifying the citizenship of "every individual or entity whose citizenship is attributed to that party or intervenor" "(A) when

---

[1]     *See generally* Compl. [ECF No. 1].

[2]     *Id.* at ¶ 5.

-2-

the action is filed in or removed to federal court, and (B) when any later event occurs that could affect the court's jurisdiction under § 1332(a)." Fed. R. Civ. P. 7.1(a)(2) (emphasis added). The party or intervenor "***must***" file its Rule 7.1 disclosure "with its first appearance, pleading, petition, motion, response, or other request addressed to the court," and again "promptly," if any required information changes. Fed. R. Civ. P. 7.1(b) (emphasis added). The parties' Rule 7.1 disclosures allow the court to determine the diversity of the parties, and they are imperative for assessing diversity with respect to corporations.

Here, XL Diamonds's corporate disclosure statement provides insufficient information for the Court to determine XL Diamonds's citizenship.[3] XL Diamonds provides the names of its owners/members, but it does not provide the citizenship of each of those owners/members.

For those reasons, the Court hereby **ORDERS** as follows:

1. XL Diamonds is **DIRECTED** to file no later than February 13, 2026, a proper Rule 7.1(a)(2) Disclosure Statement that identifies each owner/member of XL Diamonds, as well as the states of citizenship of each of those owners/members.

2. A hearing on this Order to Show Cause is **SET** for February 27, 2026, at 11:00 a.m. in Courtroom 9D of the Ronald Reagan Federal Building and U.S. Courthouse, 411 W. 4th Street, Santa Ana, California. Counsel for XL Diamonds is **DIRECTED** to appear in person at that date and time.

**IT IS SO ORDERED.**

Dated: January 27, 2026

John W. Holcomb
UNITED STATES DISTRICT JUDGE

---

[3] Pl.'s Corporate Disclosure Statement [ECF No. 2].

-3-